# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM 40354 (rem)**

---

**UNITED STATES**
*Appellee*

**v.**

**Leo J. NAVARRO AGUIRRE**
Airman First Class (E-3), U.S. Air Force, *Appellant*

---

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 25 November 2025

---

*Military Judge*: Elijah F. Brown.

*Sentence*: Sentence adjudged 26 March 2022 by GCM convened at Joint Base Lewis-McChord, Washington. Sentence entered by military judge on 12 May 2022: Bad-conduct discharge, confinement for 2 years and 2 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant*: Major Frederick J. Johnson, USAF.

*For Appellee*: Colonel G. Matt Osborn, USAF; Major Vanessa Bairos, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MASON, and KUBLER, *Appellate Military Judges*.

Senior Judge DOUGLAS delivered the opinion of the court, in which Judge MASON and Judge KUBLER joined.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

DOUGLAS, Senior Judge:

Appellant's case is before this court for a second time. In a general court-martial, Appellant entered mixed pleas. The trial judge accepted his pleas of guilty to one specification of failure to obey a lawful order (violating a no-contact order) and one specification of wrongful use of Oxycodone in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a.[1] The trial judge also accepted Appellant's plea of guilty by exception to one specification of reckless driving, excepting the words "and aerosol inhalants," in violation of Article 113, UCMJ, 10 U.S.C. § 913.[2] The Government elected to go forward with the excepted language. A panel of officer and enlisted members found Appellant guilty of the specification of reckless driving, excepting the words "and aerosol inhalants." Contrary to the remainder of Appellant's pleas, the same panel of officer and enlisted members found Appellant guilty of one specification of wrongful use of Ambien[3] in violation of Article 112a, UCMJ, one specification of assault consummated by a battery (unlawfully grabbing the arms and wrists of another with his hands), and one specification of aggravated assault with a loaded weapon (repeatedly pointing a loaded firearm at the head of another)—both assaults were committed against his spouse, and were in violation of Article 128, UCMJ, 10 U.S.C. § 928.[4] The trial judge sentenced Appellant to a bad-conduct discharge, confinement for two years and two months,[5] forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings. The convening authority suspended the first six months of the adjudged forfeiture of total pay and allowances, waived the automatic forfeitures for six months, and directed the total pay and allowances

---

[1] Unless otherwise indicated, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Specifically, Appellant was charged with "physical[ ] control of [a] vehicle, to wit: a passenger car, in a reckless manner by causing the vehicle to block traffic and swerve on public roadways and by driving the vehicle after using Zolpidem (a Schedule IV controlled substance commonly referred to as Ambien) and aerosol inhalants."

[3] Charged as "Zolpidem, commonly referred to as Ambien, a Schedule IV controlled substance."

[4] One specification of wrongful use of Benzodiazepine, a Schedule IV controlled substance, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, was withdrawn and dismissed by the convening authority. Appellant was acquitted of several additional specifications and charges.

[5] The concurrent and consecutive segmented confinement lengths, for each conviction combined, totaled two years and two months. Appellant was credited with 114 days pretrial credit.

to be paid to Appellant's spouse for six months. Otherwise, the convening authority approved the remainder of the sentence and provided the language for the reprimand.

After this court affirmed the findings and sentence, *United States v. Navarro Aguirre*, No. ACM 40354, 2024 CCA LEXIS 103 (A.F. Ct. Crim. App. 11 Mar. 2024) (unpub. op.), the United States Court of Appeals for the Armed Forces (CAAF) granted Appellant's petition for review of two issues. *United States v. Navarro Aguirre*, 85 M.J. 200 (C.A.A.F. 2024). Ultimately, the CAAF found in Appellant's favor on one of those issues: whether Appellant's conviction for wrongful Ambien use is legally sufficient. *United States v. Navarro Aguirre*, __ M.J. __, No. 24-0146, 2025 CAAF LEXIS 614, at *19 (C.A.A.F. 24 Jul. 2025).

The CAAF disagreed with our opinion that Appellant's conviction for wrongful use of Ambien is legally sufficient concluding that "the inferences . . . are overly speculative and too attenuated from the evidence in the record." *Id.* Accordingly, the CAAF reversed our decision on Appellant's use of Ambien, and the sentence, but affirmed the decision with respect to the remainder of the findings. *Id.* at *27. The CAAF returned the record to The Judge Advocate General of the Air Force for remand to this court "for reassessment of the sentence or for a rehearing on the sentence, if necessary." *Id.* Thus, the affirmed findings of guilty in this case now are: violating a no contact order, wrongfully using Oxycodone, reckless driving after using Ambien, assault consummated by a battery, and aggravated assault. The trial judge sentenced Appellant to a bad-conduct discharge, forfeiture of all pay and allowances, reduction to the grade of E-1, a reprimand, and segmented confinement lengths for each conviction. The trial judge grouped the terms of confinement with respect to the offenses against Appellant's spouse to be executed concurrently with each other. The trial judge grouped the confinement for the reckless driving with the wrongful use of Ambien and Oxycodone. These corresponding segmented sentences were to be executed concurrently with each other, and the two groups of concurrent sentences were to be executed consecutively.

The segmented sentences involving Appellant's spouse were as follows.

No contact order violation – two months.

Assault consummated by a battery – one month.

Aggravated assault – two years.

The segmented sentences for the remaining offenses were as follows.

Reckless driving after using Ambien – two months.

Wrongful use of Oxycodone – two months.

Wrongful use of Ambien – two months.

On remand, the parties submitted briefs addressing whether this court should reassess the sentence or order a rehearing on the sentence. Both argued in favor of reassessment. Appellant does not propose a particular reassessed sentence. The Government proposes reassessing the sentence originally imposed. We conclude reassessment is appropriate, and except for the reprimand, we agree with the Government's proposal, and take corresponding action in our decretal paragraph.

## I. DISCUSSION

### A. Law

Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), a court-martial sentence may not be held incorrect by virtue of legal error "unless the error materially prejudices the substantial rights of the accused." If we can conclude that absent any error, an adjudged sentence would have been at least a certain severity, "then a sentence of that severity or less will be free of the prejudicial effects of error; and the demands of Article 59(a)[, UCMJ,] will be met." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We have broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). In deciding whether to reassess a sentence or return a case for a rehearing, we consider the totality of the circumstances, and the following illustrative factors announced in *Winckelmann*: (1) "Dramatic changes in the penalty landscape and exposure;" (2) "Whether an appellant chose sentencing by members or a military judge alone;" (3) "Whether the nature of the remaining offenses capture[s] the gravamen of criminal conduct included within the original offenses and . . . whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses;" and (4) "Whether the remaining offenses are of the type that judges of the [C]ourts of [C]riminal [A]ppeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Id*. at 15–16 (citations omitted).

### B. Analysis

First, there has not been a dramatic change in the penalty landscape or exposure. As Appellant explains in his brief, the dismissal of wrongful use of Ambien results in a two-year reduction in the total maximum confinement length, from 18 years to 16 years. Separate from maximum confinement length, the other sentence parameters remain the same. The confinement sentence imposed for the wrongful use of Ambien, two months, ran concurrently

with the confinement sentences imposed for wrongful use of Oxycodone and reckless driving. This change is not dramatic and thus favors reassessment.

Second, Appellant was sentenced by the trial judge. This factor weighs in favor of reassessment.

Third, the remaining offenses capture the gravamen of Appellant's criminal conduct from the original offenses. The use of Ambien, as charged by the Government, and litigated by the Government at trial, was a contributing factor to the reckless driving offense. Now, with the dismissal of the wrongful use of Ambien, the reckless driving offense, along with Appellant's wrongful use of Oxycodone, remains. Appellant's offenses against his spouse remain, which include violating a no contact order, assault consummated by a battery, and aggravated assault. These offenses against the spouse and in particular the aggravated assault were the most serious offenses as reflected by the weight given these offenses in the sentence originally adjudged and made up the gravamen of the offenses.

Fourth, the remaining specifications are for types of offenses with which the judges of this court have experience and familiarity.

We may reassess a sentence only if we are able to reliably determine that, absent the error, the sentence would have been "at least of a certain magnitude." *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citation omitted). Having applied the *Winckelmann* factors, we can reliably make such a determination. We are convinced the sentence, excepting the reprimand, would have been at least the same as originally imposed: a bad-conduct discharge, confinement for two years and two months, forfeiture of all pay and allowances, and reduction to the grade of E-1. We find the language of the reprimand addresses some aspect of the now set-aside specification and consider it no longer an appropriate punishment.

## II. CONCLUSION

The findings of guilty as to Specification 2 of Charge I and Charge I, Specification 1 of Charge II and Charge II, the Specification of Charge III and Charge III, and Specifications 1 and 4 of Charge VI and Charge VI, were previously affirmed. We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for two years and two months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The sentence, as reassessed, is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

The sentence, as reassessed, is **AFFIRMED**.

FOR THE COURT

JACOB B. HOEFERKAMP, Capt, USAF
Acting Clerk of the Court